OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Kenneth Kantner (hereinafter "Kantner"), appeals the judgment of the Auglaize County Municipal Court dismissing a forcible entry and detainer complaint he filed against defendant-appellee, Michelle Gibson (hereinafter "Gibson"). For reasons that follow, we affirm.
 {¶ 2} On January 24, 2007, Gibson purchased a manufactured home from Tarra Gyoble. The manufactured home was located in a park owned by Kantner called the Royal Crest Mobile Home Park. Gibson did not complete an application to rent the lot on which the manufactured home was located or contact Kantner prior to purchasing the manufactured home. On January 28, 2007, Gibson moved into the manufactured home she purchased at the Royal Crest Mobile Home Park.
 {¶ 3} On February 1, 2007, Kantner called Gibson and informed her that she would need to remove the manufactured home from the park since she had not completed a rental application. On February 8, 2007, Kantner delivered a three-day notice to vacate the premises but did not file a forcible entry and detainer action at that time.
 {¶ 4} On February 26, 2007, Kantner delivered a rental application to Gibson through counsel. Kantner subsequently denied the application. On March *Page 3 
15, 2007, Kantner again delivered a three-day notice to vacate the premises, and, on March 21, 2007, he filed a complaint for forcible entry and detainer.
 {¶ 5} On April 10, 2007, the Auglaize County Municipal Court held a hearing on the complaint. On April 12, 2007, the trial court entered its judgment dismissing Kantner's complaint finding that "no reasonable basis has been shown that [Gibson] should not be permitted to reside in the park and that a lease should not be extended to her."
 {¶ 6} Kantner now appeals the trial court's judgment dismissing his complaint and asserts one assignment of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN FINDING THAT NO REASONABLE BASIS HAD BEEN SHOWN THAT THE DEFENDANT-APPELLEE SHOULD NOT BE PERMITTED TO RESIDE IN THE PARK AND THAT A LEASE SHOULD NOT BE EXTENDED TO HER.
 {¶ 7} In his sole assignment of error, Kantner argues that the trial court erred in determining that he failed to show that reasonable grounds existed to deny Gibson's rental application. Kantner argues that he denied Gibson's application because she failed to list any bank accounts and credit references; she formerly resided with her mother; and she has a monthly income of $600.00. Kantner argues that these criteria are reasonable, citing Santilla vs. Sahara Manufactured HomePark Sales (Sept. 30, 1993), 11th Dist. No. 93-L-028. *Page 4 
 {¶ 8} Gibson, on the other hand, argues that the trial court did not err in finding that Kantner was unreasonable, because she made every effort to comply with his requests, paid rent, and filled out a rental application. Gibson further argues that Kantner was unreasonable since he failed to inform her why the rental application was denied, preventing her from curing any defects. Gibson argues that under these circumstances the trial court did not abuse its discretion in dismissing the complaint. We agree.
 {¶ 9} R.C. 3733.11(H) provides, in pertinent part, that: "[n]o park operator shall * * * (3) [u]nreasonably refuse to enter into a rental agreement with a purchaser of a manufactured home located within his manufactured home park; * * *." A trial court's determination that a park operator failed to comply with R.C. 3733.11(H)(3) will not be reversed as long as its finding is supported by competent, credible evidence. Santilla, 11th Dist. No. 93-L-028, at *2; White v. SuperiorMobile Homes, Inc. (Dec. 10, 1999), 11th Dist. No. 98-T-0011, at *3. "An appellate court must not reweigh the evidence or substitute its judgment for that of the trial court, because the trial court is in the best position to `view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."' White, 11th Dist. No. 98-T-0011, at *3, citing Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. *Page 5 
 {¶ 10} In the case sub judice, the trial court stated several reasons for its finding that Kantner failed to comply with R.C. 3733.11(H)(3). First, the court noted that the forcible entry and detainer action was `premature' since Kantner failed to identify the reasons why Gibson's rental application was denied.[1] The court found that this was unreasonable since Gibson, not knowing the reason(s) she was denied, would have no ability to cure the defect by supplementing or amending the application. Second, the court found that Kantner's actions were unreasonable given the fact that prior to giving Gibson a rental application, Kantner informed her that she must vacate the premises and served her with a three-day notice to vacate. Third, the court found that it was unreasonable for Kantner to enforce the Royal Crest Guidelines against Gibson since Kantner never gave her a copy of the guidelines. Fourth, the court found that many of the reasons for removing Gibson that Kantner gave in his notice to vacate were previously remedied.
 {¶ 11} As Kantner argues, a potential tenant's credit history, rental history, and income are reasonable factors for a landlord to consider when deciding whether a lease should be extended. Sautilla, 11th Dist. No. 93-L-028, at *3. However, the trial court found that Kantner's application of these criteria was *Page 6 
unreasonable in this case, and competent, credible evidence existed to support the trial court's conclusion.
 {¶ 12} The three-day notice to vacate served on Gibson March 15, 2007 states the following reasons for eviction:
 Failure to obtain my approval prior to residing in said premises. Failure to sign the Royal Crest Guidelines. Failure to give notice to Landlord prior to presiding at Lot 13, Failure to pay Lot rent. Possession of Pet. Storage of trash outside of manufactured home. Failure to complete application for rent of Lot 13 prior to residing at Lot 13, Standard Application/ Registration Form of Royal Crest not approved. Your compliance with this notice on or before the 19th day of March, 2007 will prevent any legal measure being taken by me to obtain possession.
As the trial court noted, the three-day notice does not state why Gibson's rental application was denied. Furthermore, the record fails to indicate that Kantner ever told Gibson why her rental application was denied. If anything, the record indicates that Kantner did not inform Gibson, since he testified that he never sent her a letter informing her that she was denied. (June 19, 2007 T. at 28).
 {¶ 13} Next, the trial court found that it was unreasonable that when Kantner found out Gibson had purchased the manufactured home he "responded with the February notice to vacate rather than permitting the defendant to make an application to become a tenant." (Apr. 12, 2007 JE at 2); (Defendant's Exhibit A). The record, again, confirms the trial court's finding. Gibson testified as follows: *Page 7 
 A: When he come, when I called [Kantner] on the 1st of February after he had come to my trailer and he said he did not care; that he wanted me out and he wanted that trailer removed.
 Q: So he contacted you?
 A: Yes, he came to my trailer and my boyfriend answered the door and, a, I was in the shower and I asked, told him to get a number and I would call him back in which I did. I spoke with him on the phone.
 Q: What was the nature of that conversation?
 A: What the phone?
 Q: Yes, ma'am.
 A: I asked him what was going on and he said that I could not have the trash there and I could not have a pet and, a, he said that I would have to move the trailer and that he wanted me out and I said well I don't have the money to move and he said well, I don't know what to tell you. But, I want it out and I want you out.
 Q: At that, during that conversation you didn't ask for a rental application did you?
 A: I said well what do I need to do and he said, I want you out and I want that trailer out. He would not give me an opportunity to do anything. He was pretty set on wanting me out and that trailer out.
(June 19, 2007 T. at 14). Kantner confirmed that he had this conversation with Gibson and that he asked her to move out. (June 19, 2007 T. at 18).
 {¶ 14} The trial court also found that it was unreasonable for Kantner to enforce the Royal Crest Guidelines against Gibson since Kantner never gave her a copy of the guidelines. Again, the record supports the trial court's finding. Gibson testified that she never received a copy of the Royal Crest Guidelines prior to Kantner filing his complaint for forcible entry and detainer. (June 19, *Page 8 
2007 T. at 13, 36, 37); (Plaintiffs Exhibit 1). Kantner acknowledged that he did not give Gibson a copy of the guidelines. (June 19, 2007 T. at 27).
 {¶ 15} Finally, the trial court found that many of the reasons given by Kantner for evicting Gibson were already remedied, and that Gibson was making a good faith effort to comply with Kantner's requests. To begin with, the record indicates that while it is true Gibson never signed the Royal Crest Guidelines, she was also never given a copyto sign. (June 19, 2007 T. at 27, 36). The record also indicates that Gibson was paying rent. Three money orders payable to the order of "Ken Kantner" and signed by Gibson were entered into evidence at the trial court hearing. (Plaintiffs Exhibits A, B, C); (June 19, 2007 T. at 7). The record further indicates that Gibson removed her pet from the park on February 2, 2007, just one day after being notified that pets were not allowed. (June 19, 2007 T. at 17, 34). Gibson removed trash from outside of the residence on February 3, 2007, just two days after being notified by Kantner. (June 19, 2007 T. at 13, 26, 34).
 {¶ 16} Reviewing these facts in light of Kantner's actions, the trial court concluded that his decision to evict Gibson from the park and not extend her a lease was unreasonable. Since competent, credible evidence supports the trial court's findings, we affirm. Santilla, 11th Dist. No. 93-L-028, at *2; White, 11th Dist. No. 98-T-0011, at *3. *Page 9 
 {¶ 17} Kantner's assignment of error is, therefore, overruled.
 {¶ 18} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 ROGERS, P.J., and SHAW, J., concur.
[1] The trial court, however, determined that it had jurisdiction to hear the case. *Page 1